Eastern District of Kentucky
FILED

SEP 17 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 26-109-KKC-EBA

**JASON TODD COULTER**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**18 U.S.C. § 2422(b)**

Beginning on or about April 15, 2026, and continuing through on or about August 14, 2026, in Lincoln County, in the Eastern District of Kentucky, and elsewhere,

**JASON TODD COULTER,**

using a facility or means of interstate or foreign commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense—that is, Sodomy in the 3rd Degree under Kentucky Revised Statutes § 510.090, Sexual Abuse in the 1st Degree under Kentucky Revised Statutes § 510.110, Receipt of Child Pornography under 18 U.S.C. § 2252(a)(2), and Production of Child Pornography under 18 U.S.C. § 2251(a)—in violation of 18 U.S.C. § 2422(b).

**COUNT 2**
**18 U.S.C. § 2251(a)**

Beginning on or about April 15, 2026, and continuing through on or about August 14, 2026, in Lincoln County, in the Eastern District of Kentucky, and elsewhere,

**JASON TODD COULTER**

employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing and live-transmitting a visual depiction of that conduct, knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, that such visual depiction was produced and transmitted using any means or facility of interstate and foreign commerce, and that such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2251(a).

**COUNT 3**
**18 U.S.C. § 2252(a)(2)**

Beginning on or about April 15, 2026, and continuing through on or about August 14, 2026, in Lincoln County, in the Eastern District of Kentucky, and elsewhere,

**JASON TODD COULTER**

knowingly received a visual depiction using any means or facility of interstate or foreign commerce, including by computer, and the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 2253**
**18 U.S.C. § 2428**

1. By virtue of the commission of the offense alleged in Count 1 of the Indictment, **JASON TODD COULTER** shall forfeit to the United States any and all interest that he has in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violation of 18 U.S.C. § 2422(b), and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the violation of 18 U.S.C. 2422(b). Any and all interest that **JASON TODD COULTER** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2428.

2. By virtue of the commission of the offenses alleged in Counts 2 and 3 of the Indictment, **JASON TODD COULTER** shall forfeit to the United States any and all interest that he has in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violations of 18 U.S.C. §§ 2251 and/or 2252; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violations of 18 U.S.C. §§ 2251 and/or 2252; and any property, real or personal, used or intending to be used in the commission or promotion of the violations of 18 U.S.C. §§ 2251 and/or 2252 or traceable to such property. Any and all interest that **JASON TODD COULTER** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

3. The property to be forfeited includes, but is not limited to, the following:

**ELECTRONIC EQUIPMENT:**

a. Black Samsung Smartphone seized from the person of Jason Coulter on or about August 14, 2026; and

b. All software and peripherals which are contained on or associated with the listed cellular phone.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

[redacted]

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**MARY L. MELTON**
**ASSISTANT UNITED STATES ATTORNEY**

# PENALTIES

**COUNT 1:** Not less than 10 years and not more than life imprisonment, a fine of not more than $250,000, and not less than 5 years and not more than lifetime supervised release.

**COUNT 2:** Not less than 15 years and not more than 30 years imprisonment, a fine of not more than a $250,000, and not less than 5 years and not more than a lifetime term of supervised release.

**COUNT 3:** Not less than 5 years and not more than 20 years imprisonment, a fine of not more than $250,000, and not less than 5 years and not more than lifetime supervised release.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

Additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, a per count monetary assessment of not more than:

> $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);
>
> $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:** Mandatory restitution under 18 U.S.C. § 2429.

Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs (E)(1) or (2), is not less than $3,000.00 per victim.